

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

_____

DAREN W. THATCHER and KAREN K.
THOMPSON,

           Plaintiffs,

      vs.

SEFILINO FALEAFINE, an individual,
SUAMAMAO FALEAFINE, an individual,
VLADISLAV IURCO, an individual,
CAROLINA TRANSPORATION, INC., and
JOHN DOES 1-5

         Defendants.

Case No.  17-CV-168-S

---

### ORDER DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH ORDER COMPELLING DISCOVERY [DOC. 38]

This matter is before the Court on Defendants' Motion for Sanctions for Failure to Comply with Order Compelling Discovery (Doc. 38).  The Court, having carefully considered the Motion, and being fully advised, FINDS:

This case originally comes before the Court on Plaintiffs' negligence action. Plaintiffs' claims arise out of an automobile accident that occurred on June 16, 2016, on Interstate 80 in Sweetwater County, Wyoming, near mile marker 85.  Specifically, Plaintiffs allege that as Defendant Sefilino Faleafine drove a F-350 pick-up truck, he lost control of his vehicle to the point he swerved across the road and ultimately collided with a cable barrier. Plaintiffs claim Defendant Sefilino Faleafine's vehicle was filled with work equipment, including an industrial welder, that was thrown from the vehicle in the accident.  A few

minutes after the accident, Defendant Vladislav Iurco came upon the scene while driving a 2015 Volvo tractor-trailer semi-truck for his employer Defendant Carolina Transportation, Inc. Plaintiffs allege Defendant Vladislav Iurco parked his semi-truck and began directing traffic. Plaintiffs approached the accident scene driving a 2014 Kenworth tractor-trailer semi-truck and claim Defendant Vladislav Iurco directed them into the left lane, where they collided with the welder and other equipment thrown from Defendant Sefilino Faleafine's vehicle. Plaintiffs claim to have suffered severe and permanent injuries as a result of the collision and seek compensatory and punitive damages, along with litigation costs and attorney's fees.

Plaintiffs' Complaint was filed on September 29, 2017. Plaintiffs were represented by counsel from their filing of the Complaint until March 20, 2018, when counsel was granted permission to end his representation (Doc. 29). After counsel's withdrawal, Plaintiffs proceeded pro se with the hopes of obtaining new counsel. Defendants served written discovery requests on May 10, 2018. Plaintiffs did not satisfactorily respond to those discovery requests and Defendants requested the Court intervene to address the issue. On July 19, 2018 (Doc. 34), and again on August 22, 2018 (Doc. 36), the Court ordered Plaintiffs to provide complete and thorough responses to Defendants' discovery requests. Plaintiffs failed to comply with the order, and Defendants' filed the instant Motion for Sanctions on September 7, 2018.

The status of the case has changed significantly, however, since the filing of the Motion for Sanctions. Most notably, Donald J. Sullivan and Jeffrey A. Tennyson entered appearances on Plaintiffs' behalf. Further, on October 25, 2018, the Court held a scheduling conference and set forth a trial schedule, including a September 9, 2019, discovery deadline.

During the scheduling conference the parties appeared to be cooperating, and the Court is hopeful both sides will work together to address all discovery concerns.  While Defendants' Motion for Sanctions was meritorious when filed, the current status of the case negates the need for the Court to impose sanctions at this time.

NOW, THEREFORE, IT IS ORDERED Defendants' Motion for Sanctions for Failure to Compelling with Order Compelling Discovery (Doc. 38) is DENIED, without prejudice.

Dated this 26th day of October 2018.

Kelly H. Rankin
United States Magistrate Judge